UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION


| | | |
|---|---|---|
| NEBRA A. SIMPSON, | ) | Case No.: 5:06 CV 2847 |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | JUDGE SOLOMON OLIVER, JR. |
| | ) | |
| MICHAEL J. ASTRUE, | ) | |
| COMMISSIONER OF SOCIAL | ) | |
| SECURITY, | ) | |
| | ) | |
| Defendant | ) | ORDER |

Pending before the court is Magistrate Judge Perelman's (the "Magistrate Judge") Report and Recommendation ("R&R," ECF No. 15) that this court reverse the Commissioner of Social Security's ("Commissioner" or "Defendant") decision denying Plaintiff Nebra A. Simpson's ("Plaintiff") claim for disability benefits and supplemental security income and remand Plaintiff's claim to the Administrative Law Judge ("ALJ") for further proceedings under 42 U.S.C. § 405(g). For the reasons stated below, the court rejects the R&R and affirms the Commissioner's denial of benefits.

## I. FACTS AND PROCEDURAL HISTORY

### A.  Plaintiff's Basis for Seeking Disability Benefits and Supplemental Security Income

On December 23, 2003, Plaintiff filed concurrent applications for disability insurance benefits under 42 U.S.C.  §§ 416, 423 and supplemental security income under 42 U.S.C. § 1381, *et seq*.  Plaintiff alleged she has been disabled since August, 2002, as a result of pelvic adhesions,

endometriosis, and a right side inguinal hernia. (Tr. 76, Tr. 433.) Plaintiff has undergone multiple surgeries as a result of these conditions. ( R&R at 2-3.) Plaintiff states that she is "in chronic pain every day, on the right side pelvic area, to the point some days I am unable to walk." (Tr. 76.)

### B. Commissioner's and ALJ's Denial of Benefits

The Commissioner denied Plaintiff's disability applications initially (Tr. 33) and, after Plaintiff's claim was independently reviewed by a physician and a disability examiner, on reconsideration. (Tr. 38-39.) Plaintiff subsequently requested an administrative hearing. (Tr. 41.)

On November 1, 2005, Plaintiff, represented by counsel, testified at a hearing before ALJ Alexander Weir, III. (Tr. 17-27; 429-468.) It appears that Plaintiff raised depression as an additional basis for her disability at the hearing. (*Id.*) Evelyn Sindelar, a vocational expert, also testified at the hearing. (Tr. 46-47, 453-67.) On February 17, 2006, the ALJ denied Plaintiff's disability claim in a written decision. (Tr. 14-27.) The ALJ's Findings are set forth below:

> 1. The claimant meets the nondisability requirements for a period of disability and Disability Insurance Benefits set forth in Section 216(i) of the Social Security Act and is insured for benefits through the date of this decision.
>
> 2. The claimant has not engaged in substantial gainful activity since the alleged onset of disability.
>
> 3. The claimant has medically determinable physical impairments of status post right colon resection and repair of right inguinal hernia. These impairments have more than a minimal effect on her basic work abilities and are considered a "severe" impairment, based upon the requirements in the Regulations (20 CFR §§404.16521 and 416.921).
>
> 4. The claimant has a medically determinable mental impairment of an adjustment disorder and anxiety disorder. This impairment causes no limitation in her daily living activities, social functioning or ability to maintain concentration, persistence and pace. It has not caused any episodes of decompensation of extended duration. Therefore it is not a severe impairment, based on the requirements of the Regulations (20 CFR 404.1520a(d)(1) and 416.920a(d)(1)).

- 2 -

5. The claimant does not have any medically determinable impairment or combination of impairments that meets or medically equals the criterial of any of the listed impairments in Appendix 1, Subpart P, Regulations No. 4.

6. The claimant's allegations regarding her limitations are not totally credible for the reasons set forth in the body of the decision.

7. The claimant has the following residual functional capacity to perform light work with limitations. She can lift and carry 20 pounds occasionally and 10 pounds frequently. She can stand and walk for up to 6 hours and sit for up to 6 hours, in an 8 hour day. She needs the ability to alternate sitting and standing, as needed. She has no other limitations.

8. The claimant has past relevant work in the following occupations, as described in the Dictionary of Occupational Titles of the U.S. Department of Labor (DOT): (1) Home Attendant/Health Aide (DOT 354.377-014), which is semi-skilled work that is generally performed at the medium exertional level; (2) Dental Assistant (DOT 079.361- 018), which is skilled work that is generally performed at the light exertional level; and (3) Housekeeper (DOT 323.687-014), which is unskilled work that is generally performed at the light exertional level.

9. The claimant's past relevant work as dental assistant (DOT 079.361- 018) and housekeeper (DOT 323.687-014) did not require the performance of work-related activities precluded by her residual functional capacity (20 CFR §§404.1565 and 416.965). Her impairments do not prevent her from being able to perform the activities necessary for this work. Therefore the claimant remains capable of performing her past relevant work as a dental assistant and housekeeper.

10. The claimant is not disabled and was not under a "disability" as defined in the Social Security Act, at any time through the date of the decision (20 CFR 404.1520(f) and 416.920(f)).

(Tr. 26-27.)

## C. R&R

In her Brief on the Merits (ECF No. 13,) Plaintiff made several claims of error in response to the ALJ's decision. The Magistrate Judge did not address all of these claims of error because he stated that two of them "are of sufficient merit that reversal and remand is called for." (R&R at 5.)

First, the Magistrate Judge concluded that the ALJ should not have rendered a decision without the benefit of a "medical expert on the question of [Plaintiff's] subjective complaints vis-a-vis the objective medical evidence." (*Id.*) Next, the Magistrate Judge stated that this error was compounded by the fact that the ALJ rejected the opinions of two of Plaintiff's treating physicians, Drs. Jones and Bonyo, which supported Plaintiff's position.  (*Id.* at 5-6.)

## II. LAW AND ANALYSIS

### A.  Standard of Review

Judicial review of the Commissioner's decision is authorized by 42 U.S.C. § 405(g), which provides, in pertinent part, that "the findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive." The Commissioner has the duty to weigh the evidence, resolve material conflicts, make independent findings of fact, and determine the case accordingly. *Richardson v. Perales*, 402 U.S. 389, 399-400 (1971); *Felisky v. Bowen*, 35 F.3d 1027, 1035 (6th Cir. 1994). Therefore, judicial review is limited to determining whether the ALJ, who issued the final decision in this case, applied the correct legal standard in reaching his decision and whether there is substantial evidence in the record to support his findings. 42 U.S.C. § 405(g); *Brainard v. Sec'y of Health and Human Servs.*, 889 F.2d 679, 681 (6th Cir. 1989); *Buxton v. Halter*, 246 F.3d 762, 772 (6th Cir. 2001) (citations omitted).

In considering whether substantial evidence supports the ALJ's decision, this court is bound to "a very narrow scope of review."  *Smith v. Sec'y of Health and Human Servs.*, 893 F.2d 106, 108 (6th Cir. 1989).  The court must affirm the ALJ's decision if his findings and inferences reasonably drawn from the record are supported by substantial evidence, even though some evidence may also support Plaintiff's claims. 42 U.S.C. § 405(g); *Key v. Callahan*, 109 F.3d 270, 273 (6th Cir. 1997).

- 4 -

If substantial evidence supports the ALJ's decision, the Court may not inquire "whether the record could support a decision the other way."  *Smith*, 893 F.2d at 108.

## B. Obtaining an Expert Medical Opinion

In concluding that the ALJ should have obtained an expert medical opinion, the Magistrate Judge reasoned that:

> This Court possesses the same "medical expertise" as does the ALJ, and has no idea whether the plaintiff's pain complaints are reasonably accounted for by adhesions from her multiple surgeries and/or inguinal nerve entrapment, and finds that the ALJ's independent determination on the credibility of that testimony cannot be considered as supported by substantial evidence, within the standard of *Richardson v. Perales*, 402 U.S. 389 (1971).

(R&R at 5.)  The Commissioner objects because "neither Plaintiff nor her counsel requested that the ALJ obtain an additional expert medical opinion to interpret the objective findings."  (Def.'s Objection to R&R at 3, ECF No. 16.)  For the foregoing reasons, the court finds that Defendant's argument is well-taken.

Under 20 C.F.R. § 404.1512(a), a claimant has the burden of bringing to the Commissioner's attention "everything" that shows that she is disabled.  Moreover, § 404.1512(c) instructs that a claimant must provide evidence to show "how your impairment affects your functioning during the time you say that you are disabled, and any other information that we need to decide your claim."  The Sixth Circuit has recognized that "an ALJ is entitled to presume that a claimant who was represented by counsel has made his best case" for benefits.  *Delgado v. Comm'r of Soc. Sec.,* 30 Fed. App'x 542, 549 (6th Cir. 2002) (citing *Glenn v. Sec'y of Health & Human Servs.,* 814 F.2d 387, 391 (7th Cir. 1987)).

However, an ALJ has a corresponding duty to develop a complete record.  *See, e.g., Kendrick*

- 5 -

*v. Shalala,* 998 F.2d 455, 456-57 (7th Cir. 1993).  As the Seventh Circuit cautioned, however:

> The difficulty is that no record is 'complete' – one may always obtain another medical examination, seek the views of one more consultant, wait six months to see whether the claimant's condition changes, and so on.  Taking 'complete record' literally would be a formula for paralysis, undermining all of the objectives of simplified procedure.  How much is enough is a subject upon which reasonable persons may differ. ... Concern for the need to get on with today's cases today and reach tomorrow's cases tomorrow, rather than next month, suggests that the federal judiciary accept reasonable assessments by administrative officials about how much evidence is enough.

*Id.*  Significantly, the Sixth Circuit held in *Williams v. Callahan,* No. 97-3601, 1998 U.S. App. LEXIS 10777 at *10, n.3 (6th Cir. May 26, 1998), that, although the plaintiff argued that the Commissioner "had a duty to solicit expert medical testimony regarding [the plaintiff's] recurrent abscesses and the resulting limitations on [the plaintiff's] ability to work, the ALJ properly determined that the record contained sufficient evidence to decide the disability claims absent expert medical testimony because the record contained [the plaintiff's] extensive medical history."

Here, the record before the ALJ contained extensive medical records, (*see* Tr. 123-409), and the ALJ's decision indicates that the ALJ reviewed these records.  (Tr. 20-24.)  There is no evidence that the medical records before the ALJ were deficient and that, as a result, the ALJ should have sought an expert medical opinion in order to fulfill his duty to develop a complete record. Additionally, Plaintiff testified at the hearing that she was consistently in pain but stated she could drive, go grocery shopping, and sometimes go out in the evenings, (Tr. 452), and a vocational expert testified that Plaintiff was able to perform light work.  (Tr. 459-63.)  Significantly, the ALJ did not conclude that Plaintiff had no pain.  Rather, the ALJ found that, based on the entire record before him, Plaintiff's pain was not sufficient to preclude her from performing light work.  The ALJ's understanding of the medical evidence is supported by the record as a whole.  Moreover, Plaintiff

- 6 -

was represented by counsel, and neither Plaintiff nor counsel requested that the ALJ obtain an additional expert medical opinion to assist in interpreting the medical records.  (Tr. 467-68.) Therefore, like the *Williams* court, this court finds that, without further request from Plaintiff or her counsel, the ALJ reasonably concluded that no medical expert testimony was needed, and that the record was complete.

### C. Rejection of Treating Physicians' Opinions

#### 1. Applicable Law

Under 20 C.F.R. § 404.1527(d)(2), an ALJ  must give the opinion of a treating source controlling weight if he finds the opinion "well-supported by medically acceptable clinical and laboratory diagnostic techniques" and "not inconsistent with the other substantial evidence in [the] case record."  An ALJ must give "good reasons" why he did not give a treating source's opinion controlling weight, applying such factors as: the length of the treatment relationship and the frequency of examination; the nature and extent of the treatment relationship; the nature and extent of relevant evidence that the treating physician presents supporting his opinion; the consistency of the opinion with the record as a whole; and the treating physician's specialization.  (*See* § 404.1527(d)).

The Sixth Circuit has upheld an ALJ's rejection of a treating physician's opinion when an ALJ has given "good reasons" under § 404.1527(d).  *See, e.g, Smith v. Comm'r of Soc. Sec.,* 482 F.3d 873, 877 (6th Cir. 2007) (approving the ALJ's decision not to give treating sources controlling weight because the ALJ stated that the sources' reports were "inconsistent with the overall evidence of record" and that the sources formed their opinions solely from the claimant's subjective symptoms); *Anderson v. Comm'r of Soc. Sec.*, 195 F. App'x 366, 370 (6th Cir. 2006) (approving the

- 7 -

ALJ's decision not to give a treating physician's opinion controlling weight because the ALJ stated "that the doctor's overall treatment notes did not support and were not consistent with his conclusory assertion that [the claimant] was disabled"); *Cutlip v. Sec'y of Health and Human Servs.*, 25 F.3d 284, 287 (6th Cir. 1994) (approving the ALJ's decision not to give a treating physician's opinion controlling weight because it was conclusory and inconsistent with other evidence in the record). However, the Sixth Circuit has remanded cases to an ALJ when the ALJ did not provide "good reasons" for rejecting a treating physician's opinion. *See, e.g, Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, at 245-46 (6th Cir. 2007) (remanding where the ALJ did not explain why controlling weight was not given to a treating physician's opinion); *Bowen v. Comm'r of Soc. Sec.*, 478 F.3d 742, 749-50 (6th Cir. 2007) (remanding where the ALJ "entirely failed to address the primary treating source's presumptively supportable opinion"); *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 545 (6th Cir. 1993) (remanding where the ALJ summarily dismissed the treating physician's opinion)).

## 2. Dr. Jones

The Magistrate Judge concluded that the ALJ should not have rejected Dr. Jones's opinion, which supported Plaintiff's disability claim. Specifically, the R&R states that the ALJ's statement that Dr. Jones's report:

> "is not supported by the physician's own treatment notes wherein all examinations have been essentially normal" is, in this Court's opinion, patently unsound. A fair reading of Dr. Jones records reflects that she treated her on the patient's pain complaint, were real and sound, and those notes do not reflect 'essentially normal' examinations.

(R&R at 5.) For the foregoing reasons, the court finds that this conclusion is not well-taken.

The ALJ noted that Dr. Jones completed a Social Security Administration questionnaire in June, 2004, stating that Plaintiff was barely able to sit and was experiencing diffuse pain to minimal

- 8 -

palpation in the lower right quadrant, and opining that Plaintiff would be unable to perform any employment requiring prolonged sitting or requiring changes in position.  (Tr. 311.) The ALJ also noted that Dr. Jones stated that Plaintiff's chronic pain limits her ability to communicate with others. (*Id.*)  However, the ALJ did not give controlling weight to this opinion because it was:

> not supported by this physician's own treatment notes, wherein all examinations have been essentially normal.  The claimant's treatment has been mostly routine, primarily for sinus problems and dyspepsia.  He also prescribed an anti-depressant for feelings of depression.

(Tr. 22.)

After reviewing the extensive medical records in this case, the court finds that the ALJ stated good reasons under § 404.1527(d)(2) for rejecting Dr. Jones's opinions, and that substantial evidence supported this conclusion.  Specifically, like the ALJs in *Smith, Anderson,* and *Cutlip,* the ALJ's basis for rejecting Dr. Jones's opinion was that the nature and extent of the treatment relationship was mostly routine.  Dr. Jones did not provide relevant evidence to support his position, and Dr. Jones's opinion was not consistent with the record as a whole.

While the Magistrate Judge is correct that Dr. Jones's medical examination records show that, in addition to sinus complaints, Plaintiff did report experiencing abdominal pain, none of Dr. Jones's medical examination records support Dr. Jones's opinion regarding Plaintiff's sitting restrictions.  For example, Dr. Jones's records indicate  that Plaintiff's neurovascular examination findings were normal, and Plaintiff's complaints of pain were out of proportion to Dr. Jones's examination findings.  (Tr. 294.)  Consistent with this statement, the ALJ noted that treatment records indicate that, "Dr. Bisconti was called on June 26, 2004, and he felt that the claimant may be seeking some type of secondary gain, stating that she had been to multiple physicians in North

- 9 -

East Ohio for this pain, and the first time he saw her was three days prior." (Tr. 23.)   Another physician, Dr. Russell, also questioned Plaintiff's secondary intent.  (Tr. 261.)

Moreover, none of Dr. Jones's medical examination records support Dr. Jones's conclusion that Plaintiff's pain limited her ability to communicate, and Dr. Jones did not indicate in the Social Security Questionnaire the nature and extent to which her communication was limited.  Therefore, Dr. Jones's one-sentence conclusory opinion was of little value in assessing Plaintiff's communication capacity.  (Tr. 321.)  Furthermore, Dr. Jones's opinion was inconsistent with the other psychological findings in the record. For example, Dr. Leidal found during his psychological examination that Plaintiff had an average ability to communicate, and her speech articulation was clear without any significant abnormalities.  (Tr. 224.)  Her voice and rate of speech were normal, without slowing, pressure or tangentiality.  (Tr. 224.)  Moreover, Dr. Leidal found that Plaintiff's ability to understand and comprehend simple language was good.  (Tr. 224.)  Dr. Leidal concluded that Plaintiff's ability to relate to others was only slightly impaired, and opined that Plaintiff was capable of obtaining and keeping employment. (Tr. 227.) Accordingly, the court finds that there is substantial evidence that good reasons existed for the ALJ to reject Dr. Jones's conclusions.

### 3. Dr. Bonyo

The Magistrate Judge also concluded that "the ALJ's statement that 'Dr. Bonyo's notes fail to show findings that would preclude the claimant from performing at least light work activity' is a medical judgment the ALJ was not qualified to make, not a finding of fact."  (R&R at 5-6.)   For the foregoing reasons, the court finds the Magistrate Judges's conclusion is not well-taken.

The record shows that, in response to the Residual Functioning Capacity Questionnaire (the "Questionnaire") asking whether, in an eight-hour workday, a claimant can sit, stand, walk, or work,

Dr. Bonyo circled "0 hours" for all categories.  (Tr. 354.) Dr. Bonyo indicated that Plaintiff was completely unable to bend, squat, crawl, climb, stoop, or crouch.  (Tr. 355.)  Finally, Dr. Bonyo wrote that Plaintiff was unable to lift more than five pounds.  (Tr. 354.)

Here, the ALJ had "good reason" under  § 404.1527(d)(2) to reject Dr. Bonyo's opinion because substantial evidence exists to support the ALJ's finding that Dr. Bonyo's opinion is inconsistent with the record as a whole.  Specifically, following a lengthy discussion of the medical evidence (Tr. 22-23), the ALJ noted that Dr. Bonyo provided no objective medical basis for his opinion that Plaintiff had such extreme restrictions in every area of physical functioning.  Dr. Bonyo also did not check off on the Questionnaire any objective signs of Plaintiff's pain, such as redness, X-rays, joint deformity, muscle spasm, spinal deformity, or "other."  The Commissioner points out that Dr. Bonyo's opinion was at odds with Plaintiff's many normal examination findings. For example, on numerous occasions, Plaintiff's doctors found that her objective medical examinations were normal. (Tr. 239, 251, 260-61, 275-76, 357-58.).  During these examinations, Plaintiff showed no motor or sensory deficit (Tr. 238, 261, 357), and normal (5/5) strength. (Tr. 276.)

Therefore, contrary to the Magistrate Judge's recommendation, the court finds that substantial evidence supports that the ALJ gave the appropriate weight to Dr. Bonyo's opinion and rejected those restrictions that conflicted with the objective medical findings.  Accordingly, the court finds that there is substantial evidence that good reasons existed for the ALJ to reject Dr. Bonyo's conclusory opinion.

### D. Remaining Assignments of Error

The Magistrate Judge did not discuss Plaintiff's remaining assignments of error, which are

discussed below.  For the foregoing reasons, the court finds that these assignments of error are not well-taken.

### 1. Depression Should Have Been Considered in Determining Disability

Plaintiff argues that substantial evidence did not support the ALJ's finding that Plaintiff could perform light work that allowed alternate sitting, standing, and walking as needed, because Plaintiff's depression limited her ability to perform this work. (Pl.'s Br. at 14-16.)  After reviewing the psychological evidence in the record from Frederick G. Leidal, Psy.D., (Tr. 222-28), Carl L. Tishler, Ph.D. and Caroline T. Lewin, Ph.D. (Tr. 320-25), and Larry Kravitz, Psy.D, (Tr. 337), the court finds that the ALJ's conclusion that Plaintiff retained the capacity to perform her past job as a housekeeper or dental assistant is consistent with the opinions of both the state agency and examining psychologists.  For example, Dr. Leidal opined that Plaintiff's moderate mental functioning limitations would not preclude her ability to obtain and maintain work and would not limit her ability to perform basic mental work activities, such as performing simple and detailed tasks and maintaining concentration and attention at work.  (Tr. 227.)  Moreover, the mental functioning capacity assessment conducted by Drs. Tishler, Lewin, and Kravitz, which found moderate limitations in Plaintiff's mental functioning in some areas and no significant limitation in others, is consistent with the ALJ's finding that Plaintiff has the ability to perform at least simple, repetitive work.  (Tr. 333, 337.)  Accordingly, the court finds that Plaintiff's assignment of error is not well-taken because the ALJ had substantial evidence to conclude that Plaintiff's depression did not limit her ability to perform light work.

### 2.  Need for an Expert in Psychology/Psychiatry

Plaintiff argues that the ALJ should have called an expert in psychiatry or psychology to testify regarding the effects of Plaintiff's depression on her disability.  As discussed above in Section II(B), this argument is not well-taken because the record reviewed by the ALJ contained mental health records, and the ALJ's understanding of that evidence was consistent with the record as a whole.  Moreover, Plaintiff was represented by counsel, and neither Plaintiff nor counsel requested that the ALJ obtain an expert in psychology or psychiatry to assist the ALJ in interpreting the medical records.  (Tr. 467-68.)  Therefore, like the court in *Williams,* this court finds that, absent a request from Plaintiff or her counsel, the ALJ reasonably concluded that the record was complete and no psychological or psychiatric expert testimony was needed.

### 3. Vocational Expert's Testimony

Plaintiff argues that the vocational expert's testimony does not amount to substantial evidence because, while the ALJ found that there were jobs available to Plaintiff based upon the ALJ's hypothetical of an individual limited to light work, this hypothetical was improper and not supported by the record.  For the foregoing reasons, the court finds that this argument is not well-taken.                    The transcript of the hearing before the ALJ indicates that, after the ALJ assessed Plaintiff's residual functional capacity, the ALJ compared her residual functional capacity with the requirements of her past work (Tr. 25-26) in accordance with C.F.R. §§ 404.1520(e), 404.1546, 404.1560(b), 416.920(e), 416.946, 416.960(b).  These regulations state that, if Plaintiff's past jobs did not require activities in excess of her residual functional capacity, she will be found to not be disabled.  *Id.*  Further, a claimant must prove that she is unable to return to her past work, either as she performed it or as that work is generally performed in the national economy.  *Studaway v. Sec'y of Health and Human Servs.*, 815 F.2d 1074, 1076 (6th Cir. 1987).

- 13 -

Here, the ALJ found that Plaintiff's limitations did not preclude her from performing her past jobs as a dental assistant or housekeeper, as those jobs are customarily performed in the national economy. (Tr. 25-26.) The ALJ's conclusion was consistent with the testimony of the vocational expert, Evelyn Sindelar, who testified that, per the U.S. Department of Labor's Dictionary of Occupational Titles, Plaintiff's past jobs as a dental assistant and housekeeper required light exertion and accommodated alternate sitting, standing, and walking as needed throughout the work day. (Tr. 455, 458-59, 461.) *See* 20 C.F.R. §§ 404.1560(b)(2), 416.960(b)(2); *Walker v. Sec'y of Health & Human Servs.*, 884 F.2d 241, 245 (6th Cir. 1989).  Accordingly, substantial evidence shows that Plaintiff retained the capacity to perform her past work.

Moreover, Plaintiff contends that the ALJ should have found her disabled because her mental functioning limited her ability to perform her past work. (Pl.'s Br. at 19.)  However, as discussed above in Section II(D)(1), the court finds that substantial evidence supported the ALJ's findings that Plaintiff's depression did not preclude her from performing her past jobs as a housekeeper or dental assistant. Therefore, Plaintiff's argument is not well-taken.

### III. CONCLUSION

For the reasons stated above, the court rejects the Magistrate Judge's Report and Recommendation (ECF No. 15) and affirms the ALJ's decision that Plaintiff is not entitled to disability insurance benefits or supplemental security income.

IT IS SO ORDERED.

/s/ *SOLOMON OLIVER, JR.*
UNITED STATES DISTRICT JUDGE

- 14 -

March 14, 2008